UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel McNeil, Jr., ) | C/A No. 4:08-601-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Sheriff Glenn Campbell; ) | |
| LCPL Albert R. Smith; ) | |
| Sgt. Charles N. Cusack; ) | |
| Sgt. C. Woodle; ) | |
| M. Heater; ) | |
| George Wilkes, Darlington County Sheriff Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently incarcerated at the Darlington County Detention Center, pending trial on drug-related criminal charges. In the Complaint filed in this case, Plaintiff seeks injunctive relief against and compensatory damages from Defendants, claiming that Defendants are holding money that belongs to him, but they are holding it under another person's name. According to Plaintiff, the money was seized during a search and seizure conducted in connection with the arrest that resulted in the criminal charges currently pending against Plaintiff. Several other persons were also at the residence where the search and seizure was conducted, and the disputed money is allegedly being held in one of these other person's names, even though, according to Plaintiff, it is Plaintiff's money. Plaintiff

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

claims that his requests for return of the money have been met with negative responses relying on the fact that Plaintiff has charges still pending against him. This indicates that the subject money is most likely being held by law enforcement officials as evidence against Plaintiff. Plaintiff asks this Court to order Defendants to return the money to him and to award him additional money as "interest" or damages.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal

under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claim about the alleged possible loss and/or negligent safekeeping of his money, *i.e.*, his personal property, is not properly before this federal Court as a constitutional claim pursuant to 42 U.S.C. § 1983[2] because Plaintiff has adequate remedies under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a Plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[3] Under South Carolina law, Plaintiff's claims relating to lost personal property may be cognizable under the South Carolina Tort Claims Act (the Act). *See* S.C. Code Ann. §§ 15-78-10 through15-78-220. There are also specific South Carolina laws governing the return of property seized and/or forfeited in connection with criminal charges. *See, e.g.*, S.C. Code Ann. § § 44- 53-530; 44-53-586.

Furthermore, even if Plaintiff had stated a potentially viable § 1983 claim, this Court is precluded from addressing such claims arising, as here, from allegedly unconstitutional proceedings

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] *Yates* has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

in pending state criminal actions. Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit referenced comity principles and ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit also referencing comity pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." 526 F.2d at 1336; *see Hills v. Farr*, NO. 4:05-0690-JFA-TER, 2006 WL 2433984 (D.S.C. Aug. 21, 2006)(declining to exercise federal jurisdiction in a conditions of confinement § 1983 seeking "monetary or other relief"case citing *Ohio Civil Rights Comm'n v. Garden State Bar Ass'n*, 477 U.S. 619 (1986), *Simopoulos v. Va. State Bd. Of Med.*, 644 F.2d 321, 329 (4th Cir. 1981), *Lancaster v. Spartanburg County Bldg. Codes Dep't*, 370 F. Supp. 2d 404 (D. S.C. 2005) and *Cinema Blue*), *aff'd*, NO. 06-7634, 2007 WL 580006 (4th Cir. Feb 15, 2007).

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 22 , 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).